936 F.2d 573
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David ISRAEL, Plaintiff-Appellant,
v.
CITY OF BARBERTON, OHIO, Defendant-Appellee.
 No. 90-3268.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1991.
 
 1
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and RUBIN, District Judge.*
 
 
 2
 This limited appeal from the United States District Court for the Northern District of Ohio involves only the question of a denial by the District Court of a motion for sanctions and attorney fees. The motion in issue filed on behalf of defendant City of Barberton, Ohio contains the following language:
 
 
 3
 Now comes the Defendant, City of Barberton, by and through the undersigned counsel, and respectfully moves this Court for an order granting sanctions and attorney's fees pursuant to Rule 11 of the Federal Rules of Civil Procedure, as well as other provisions of federal law ...
 
 
 4
 The trial court disposed of the motion by a marginal denial. The record discloses that the trial judge neither held a hearing nor gave a statement of reasons for the denial.
 
 
 5
 A denial of Rule 11 sanctions is reviewed under an abuse of discretion standard. Rathbun v. Warren City Schools (In re Ruben), 825 F.2d 977 (6th Cir.1987), cert. denied, 485 U.S. 934 (1988); Albright v. Upjohn Co., 788 F.2d 1217 (6th Cir.1986). A statement by the United States Court of Appeals for the Fifth Circuit in Thomas v. Capital Sec. Servs., 836 F.2d 866, 873 (5th Cir.1988) sets forth the rationale of this standard:
 
 
 6
 We emphasize, however, that the overall umbrella remains abuse of discretion. To hold otherwise would transform an appellate court into a trial court where attorneys' and litigants' conduct would be reviewed as if those individuals were litigating their case initially on the appellate level. This cannot be the result contemplated by the rulemakers when they amended Rule 11 in 1983. Appellate courts are not replacements for district courts and we decline to adopt a standard of review in Rule 11 cases which would effectively usurp the discretion of district courts.
 
 
 7
 Written findings of fact and conclusions of law are not required for every Rule 11 determination, although a statement of reasons facilitates appellate review. INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 401 n. 4 (6th Cir.), cert. denied, 484 U.S. 927 (1987). See also Thomas v. Capital Sec. Servs., supra; Szabo Food Serv. v. Canteen Corp., 823 F.2d 1073 (7th Cir.1987) cert. dismissed, 485 U.S. 901 (1988). In order to review a discretionary decision, some understanding of the trial court's reasons is necessary. Absent a statement of reasons, no meaningful review can be made.
 
 
 8
 It should be noted that defendant's motion seeks sanctions and attorney fees not only under Rule 11, but also under "other provisions of federal law." Such an award might be made under the "prevailing party" theory of 42 U.S.C. Sec. 1988, under 28 U.S.C. Sec. 1927 if losing counsel has multiplied" the proceedings in any case unreasonably and vexatiously," or under 42 U.S.C. Sec. 2000e-5(k) if a Title VII plaintiff's suit is "frivolous, unreasonable, or without foundation." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). Only if the trial court sets forth its reasons for a denial of sanctions under any of these statutes can an appropriate appellate inquiry be made.
 
 
 9
 The Court expresses no opinion as to the merits of defendant's motion. This matter is remanded to the United States District Court for the Northern District of Ohio for a statement of reasons underlying its denial of appellant's motion for sanctions and attorney fees.
 
 
 
 *
 The Honorable Carl B. Rubin, U.S. District Judge for the Southern District of Ohio, sitting by designation